United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30272
Summary Calendar
_____

UNITED STATES OF AMERICA,

                            Plaintiff-Appellee,

versus

STEVEN ROBERT WELLS,

                            Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:03-CR-20020-1
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Steven Robert Wells appeals the sentence imposed following
his guilty plea conviction for production of child pornography.
Wells was sentenced to 151 months' imprisonment to be followed by
a three-year term of supervised release.

    Wells argues that the district court clearly erred in making
an adjustment to his offense level based on his obstruction of
justice.  There is evidence in the record that Wells attempted to
destroy and discarded material evidence in the case.  However,

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there was no specific evidence presented that Wells was aware that there was an investigation underway or about to commence at the time that Wells partially burned and discarded the evidence.

U.S.S.G. § 3C1.1 of the Sentencing Guidelines provides for a two-level increase in the defendant's offense level if the defendant obstructs or impedes, or attempts to obstruct or impede, the administration of justice. The court has determined that "the guideline specifically limits applicable conduct to that which occurs *during* an investigation." United States v. Clayton, 172 F.3d 347, 355 (5th Cir. 1999). The defendant must also be aware of the investigation. United States v. Lister, 53 F.3d 66, 71 (5th Cir. 1995).

Because there was no evidence that Wells was aware that an investigation had commenced or was about to commence when he partially destroyed and disposed of the evidence, the district court clearly erred in making the adjustment for the obstruction of justice. United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994). The sentence is VACATED and the case is REMANDED for resentencing in accord with the sentencing guidelines.

SENTENCE VACATED AND REMANDED.